NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DIANA GDOWSKI, an individual, | No. 19-56268 |
| Plaintiff-Appellant, | D.C. No.<br>2:18-cv-10596-AB-RAO |
| v. | |
| STATE FARM GENERAL INSURANCE COMPANY; DOES, 1 through 50, inclusive, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted March 2, 2021
Pasadena, California

Before: TALLMAN and OWENS, Circuit Judges, and CHRISTENSEN,** District Judge.

Diana Gdowski appeals from the district court's grant of summary judgment

in favor of State Farm Insurance Company (State Farm). We review a grant of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

summary judgment de novo. *See Flores v. City of San Gabriel*, 824 F.3d 890, 897 (9th Cir. 2016). As the parties are familiar with the facts, we do not recount them here. We affirm.

1. "Whether an insurer has a duty to defend 'depends in the first instance, on a comparison between the allegations of the complaint and the terms of the policy.'" *S.B.C.C., Inc. v. St. Paul Fire & Marine Ins. Co.*, 112 Cal. Rptr. 3d 40, 44 (Ct. App. 2010) (citation omitted). "[I]f, as a matter of law, neither the complaint nor the known extrinsic facts indicate any basis for potential coverage, the duty to defend does not arise in the first instance." *Scottsdale Ins. Co. v. MV Transp.*, 115 P.3d 460, 466 (Cal. 2005). State Farm issued a Homeowner Policy to Gdowski that applied to claims "brought against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence." "Occurrence" is defined by the Policy as an "accident, including exposure to conditions." There was no "occurrence" under the Homeowner Policy here because the conduct that formed the basis for the suit against Gdowski was intentional. Gdowski is alleged to have harassed, threatened, trespassed, and made fraudulent statements. All such conduct falls outside the definition of an "accident" under California law. *See Fire Ins. Exch. v. Superior Ct.*, 104 Cal. Rptr. 3d 534, 537 (Ct. App. 2010). The allegations that Gdowski's agents trespassed on the construction site do not trigger a duty to defend because the Tsangs did not

2

pursue any relief in their cross-complaint related to any alleged trespassing. And Gdowski's analogy to a negligent hiring and supervision case featuring sexual abuse by a school employee is inapt. *See Liberty Surplus Ins. Corp. v. Ledesma & Meyer Constr. Co.*, 418 P.3d 400, 408–09 (Cal. 2018).

2. State Farm also issued a Personal Liability Umbrella Policy to Gdowski, which covers claims "brought against any insured for damages because of a loss to which this policy applies," including due to "wrongful eviction" and "invasion of a person's right of private occupancy by physically entering into that person's personal residence."

a. Gdowski contends that the claims against her allege a wrongful eviction because she purportedly forced her neighbor to make construction modifications that damaged the roof of their old house, requiring them to vacate the property and build a new one. But the complaint does not say the roof damage caused them to move out—only that it left them no choice but to move forward with the project to build a new home, which they had already been trying to do for over three years. Moreover, demanding changes to a construction project does not fall within the ordinary meaning of "eviction." *See Cunningham v. Universal Underwriters*, 120 Cal. Rptr. 2d 162, 168 (Ct. App. 2002) (defining eviction).

b. Gdowski further contends that her alleged trespass onto the construction site constitutes "invasion of a person's right of private occupancy by physically

3

entering into that person's personal residence."  The cross-complaint does not allege any trespass by Gdowski.  And because the Tsangs did not live at the property at that time, Gdowski cannot be said to have "enter[ed] into" their "personal residence."  *See Residence*, Merriam-Webster, https://www.merriam-webster.com/dictionary/residence (last visited Mar. 3, 2021) (defining "residence" as "the place where one actually lives as distinguished from one's domicile or a place of temporary sojourn").

    **AFFIRMED.**